UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DAVIS PRUITT,

    *Plaintiff*,

v.                                                              CASE NO. 10-CV-14346

COMMISSIONER OF                              DISTRICT JUDGE AVERN COHN
SOCIAL SECURITY,                               MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

### II.    REPORT

    **A.    Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income (SSI)

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

benefits. This matter is currently before this Court on cross-motions for summary judgment. (Docs. 16, 17.)

Plaintiff was 35 years of age at the time of the most recent administrative hearing. (Transcript, Doc. 9 at 13.) Plaintiff's employment history includes work as a cab driver for 8 years. (Tr. at 177.) Plaintiff filed the instant claims on July 12, 2006, and October 25, 2007, alleging that he became unable to work on October 16, 2004. (Tr. at 154, 157.) The claims were denied at the initial administrative stages. (Tr. at 68.) In denying Plaintiff's claim, the Commissioner considered disorders of back, discogenic and degenerative, as possible bases for disability. (*Id.*) On August 27, 2009, Plaintiff appeared before Administrative Law Judge ("ALJ") Lubomyr M. Jachnycky, who considered the application for benefits *de novo*. (Tr. at 8-18.) In a decision dated September 22, 2009, the ALJ found that Plaintiff was not disabled. (Tr. at 18.) Plaintiff requested a review of this decision on November 27, 2009. (Tr. at 6.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on August 30, 2010, when the Appeals Council denied Plaintiff's request for review. (Tr. at 1-3.) On October 28, 2010, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

**B.      Standard of Review**

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S.

2

137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). "However, the ALJ is not free to make credibility determinations

based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting S.S.R. 96-7p, 1996 WL 374186, at \*4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence

without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. App'x 521, 526 (6th Cir. 2006).

### C. Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II, 42 U.S.C. §§ 401 *et seq.*, and the Supplemental Security Income Program (SSI) of Title XVI, 42 U.S.C. §§ 1381 *et seq.* Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

>Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
>Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
>Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [her] impairments and the fact that [she] is precluded from performing [her] past relevant work." *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D.   ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since June 30, 2006, the application date. (Tr. at 13.) At step two, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine with radiculopathy, bilateral shoulder and neck pain, bilateral hip pain

with a history of contusion to the left hip, and bilateral carpal tunnel syndrome were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 13-14.) At step four, the ALJ found that Plaintiff could not perform any of his past relevant work. (Tr. at 16-17.) At step five, the ALJ found that Plaintiff could perform a limited range of sedentary work. (Tr. at 14-16.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 17-18.)

### E.     Administrative Record

A review of the relevant medical evidence contained in the administrative record indicates that Plaintiff was treated for back, neck, and hip pain ever since a motor vehicle accident that occurred on October 16, 2004. (Tr. at 235.) Plaintiff "was stopped in traffic (while waiting for traffic to clear) when he was inadvertently struck from behind by another vehicle." (*Id.*) "Following thorough evaluation by emergency room personnel Mr. Pruitt was [diagnosed with "lumbar strain and contusion to right hip" and] released with a prescription and instructions to seek the care of a physician should his problems persist." (Tr. at 235, 290.) Because Plaintiff continued to "note severe pain in his lower back and neck," he "was placed on a treatment protocol consisting of spinal manipulation, spinal traction, massage, and therapeutic exercise" and "was given a home rehabilitation exercise program." (Tr. at 236.)

An MRI of the cervical spine taken on November 19, 2004, was "normal." (Tr. at 230, 268.) An MRI of the lumbar spine taken on January 4, 2005, revealed "degeneration of L3-4, L4-5, L-5-S-1 discs, as described, posterior annular bulging is identified centrally at L3-4 and is associated with a component of minimal stenosis. Posterior annular bulging at L4-5 is without evidence of

stenosis and is slightly eccentric to the left." (Tr. at 213.) An MRI of the hips also taken on January 4, 2005, was "normal." (*Id.*)

A motor nerve test conducted on February 24, 2006, showed bilateral carpal tunnel syndrome. (Tr. at 234.) Plaintiff was also examined by Hannah Polleherla, M.D., A.C.P., of Pointe Neurology, who concluded that Plaintiff had "[c]ervical radiculopathy" and that he "will be worked up with EMG nerve conduction velocities to rule out cervical radiculopathy" and that he "will be advised to take Zanaflex." (Tr. at 264.) As to Plaintiff's "low back pain and radiating pain to lower extremities, [Dr. Polleherla stated that she] need[s] to rule out lumbar radiculopathy," that Plaintiff should "get the EMG examination" and that he "may be continued on chiropractic treatment" and "Zanaflex." (Tr. at 264.)

In April 2006, Chiropractor Peter S. Annyschyn gave notice to Plaintiff's attorney that he claimed a lien for $37,847 on any proceeds from a settlement conference held on behalf of Plaintiff. (Tr. at 269.) Annyschyn stated that Plaintiff "remains disabled from employment, housework, and caring for his personal needs," and he attached a certificate of disability indicating the same. (Tr. at 269-70.) A narrative report given by Annyschyn on May 3, 2006, concluded that Plaintiff was "fully disabled and in need of household assistance for lifting, bending and twisting activities" and that he "cannot return to work." (Tr. at 237.) Annyschyn "diagnosed [Plaintiff] with a cervical spinal hyperflexion-hyperextension injury complicated by multiple spinal subluxations" and "degenerative disc disease at C7, L3, L4 and L5." (Tr. at 237.) Annyschyn also found that Plaintiff "is a good candidate for continued conservative Chiropractic management and he has responded well thus far." (Tr. at 238.)

Plaintiff was also examined by Stefan Glowacki, M.D., at the request of Plaintiff's counsel on June 7, 2006. (Tr. at 239.) Dr. Glowacki diagnosed Plaintiff with "[h]erniated disc L4-5, L5-S1

8

with left radiculopathy," "[h]istory of whiplash injury and contusion of cervical and lubosacral spine," "[h]istory of contusion of the right hip with possible aseptic necrosis of the right hip," and "[c]arpal tunnel syndrome bilaterally." (Tr. at 243.) Dr. Glowacki also concluded that "in spite of the treatment, his condition is not improving. He needs investigation and he needs most likely surgery. He also needs to continue treatment and continue domestic help and most likely personal help." (Tr. at 244.) In October 2006, Dr. Glowacki examined Plaintiff and provided the same diagnosis as given in June with the addition of post traumatic stress syndrome. (Tr. at 283.) Dr. Glowacki again concluded that, "[i]n spite of treatment, his condition is not improving." (*Id.*) However, the four month period changed Dr. Glowacki's outlook such that he found Plaintiff "needs surgery of his hips and probably his back . . . if his pain will increase to the severity that he cannot tolerate he will need surgery right away." (*Id.*)

At the request of the Disability Determination Service ("DDS"), Plaintiff was also examined on November 11, 2006, by Atul Shah, M.D. (Tr. at 248-50.) Dr. Shah concluded that Plaintiff has "[c]hronic lower back pain with radiculopathy and disc disease" and "[c]hronic cervical pain, bilateral hip pain and shoulder pain. Status post car accident on October 16, 2004." (Tr. at 250.)

A Physical Residual Functional Capacity ("RFC") Assessment concluded that Plaintiff is able to occasionally lift 50 pounds, frequently lift 25 pounds, stand or walk for about 6 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and is unlimited in his ability to push or pull. (Tr. at 256.) The assessor noted that Plaintiff was "seen at hosp. ER and discharged" after his car accident, that he "takes analgesics for pain relief" and that he "has a non Rx cane." (Tr. at 256.) The assessor found no postural, manipulative, visual, communicative or environmental limitations. (Tr. at 257-59.) There were no treating or examining source statements regarding Plaintiff's physical capacities in the file. (Tr. at 261.)

**F.     Analysis and Conclusions**

**1.     Legal Standards**

The ALJ determined that during the time he qualified for benefits, Plaintiff possessed the residual functional capacity to perform a limited range of sedentary work. (Tr. at 14-16.) Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a)(1991). Social Security Ruling 83-10 clarifies this definition:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

SSR 83-10.

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether substantial evidence supports the ALJ's decision.

**2.     Substantial Evidence**

Plaintiff contends that substantial evidence fails to support the findings of the Commissioner. (Doc. 16.) As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion.

*McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Plaintiff specifically contends that the ALJ failed to provide reasons for rejecting Plaintiff's testimony as less than credible as required by S.S.R. 96-7p. (Doc. 16 at 7-9.) In addition, Plaintiff argues that this credibility finding resulted in the ALJ's erroneous rejection of the second hypothetical posed to the vocational expert ("VE"), which incorporated Plaintiff's testimony regarding his level of pain and the need to take three naps a day, to which the VE responded that a person with those limitations could not work. (Doc. 16 at 10.)

When a disability determination that would be fully favorable to a claimant cannot be made solely on the basis of the objective medical evidence, an ALJ must analyze the credibility of the claimant, considering the claimant's statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in Social Security Ruling 96-7p. Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. *See Siterlet v. Sec'y of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). Generally, an ALJ's credibility assessment can be disturbed only for a "compelling reason." *Sims v. Comm'r of Soc. Sec.*, No. 09-5773, 2011 WL 180789 at *4 (6th Cir. Jan.19, 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility"); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at *3 (6th Cir. Feb. 11, 1999) (unpublished). However, "[i]f an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

The social security regulations establish a two-step process for evaluating subjective symptoms, including pain. 20 C.F.R. § 404.1529; SSR 96-7p. In order for pain or other subjective complaints to be considered disabling, there must be (1) objective medical evidence of an underlying medical condition, and (2) objective medical evidence that confirms the severity of the alleged disabling pain arising from that condition, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain. *See id.; Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Felisky,* 35 F.3d at 1038-1039; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

Therefore, the ALJ must first consider whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the individual's pain or other symptoms. Secondly, after an underlying physical or mental impairment is found to exist that could reasonably be expected to produce the claimant's pain or symptoms, the ALJ then determines the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to do basic work activities. *Id.* Although a claimant's description of his physical or mental impairments alone is "not enough to establish the existence of a physical or mental impairment," C.F.R. §§ 404.1528(a), 416.929(a), "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded *solely* because they are not substantiated by objective medical evidence," S.S.R. 96-7p, at *1 (emphasis added). Instead, the ALJ must consider the following factors:

(i) [D]aily activities;

(ii) The location, duration, frequency, and intensity of . . . pain;

(iii) Precipitating and aggravating factors;

    (iv)    The type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate . . . pain or other symptoms;

    (v)    Treatment, other than medication, . . . received for relief of . . . pain;

    (vi)    Any measures . . . used to relieve . . . pain.

*Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994); S.S.R. 96-7p, at *3. Furthermore, the consistency of the evidence, including a claimant's subjective statements, is relevant in determining a claimant's credibility. 20 C.F.R. § 404.1527(c); S.S.R. 96-7p, at *5.

After examining the record evidence, I suggest that substantial evidence supports the ALJ's finding that Plaintiff's testimony regarding his level of pain was not fully credible. As noted by the ALJ, although Plaintiff's "chiropractor did limit him from working, no medical physician, treating or otherwise, has ever indicated that there is any medical reason why the claimant should be limited from working." (Tr. at 16.) In addition, Plaintiff's treatment has been conservative and limited to pain medication, chiropractic care, exercise and therapy. Even Plaintiff's chiropractor, Annyschyn, stated that Plaintiff "is a good candidate for continued conservative chiropractic management and he has responded well thus far." (Tr. at 238.) This is consistent with examining neurologist Dr. Polleherla's suggestion that he "may be continued on chiropractic treatment" and "Zanaflex." (Tr. at 264.) In addition, the medical evidence does not support Plaintiff's complaints of disabling pain. Although an MRI of the lumbar spine taken on January 4, 2005, revealed "degeneration of L3-4, L4-5, L-5-S-1 discs, as described, posterior annular bulging is identified centrally at L3-4" and "posterior annular bulging at L4-5," the former was "associated with a component of minimal stenosis" and the latter was "without evidence of stenosis." (Tr. at 213.) Finally, as to neck and hip pain, an MRI of the cervical spine taken on November 19, 2004, was "normal" and an MRI of the hips taken on January 4, 2005, was "normal." (Tr. at 213, 230, 268.)

13

I therefore suggest that the ALJ's credibility findings are supported by substantial evidence and should not be disturbed.

I further suggest that the hypothetical posed to the VE properly incorporated the limitations found in the RFC assessment and that the hypothetical was in harmony with the objective record medical evidence. *See Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. App'x 425, 429 (6th Cir. 2007); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

### 3.     Conclusion

For all these reasons, after review of the record, I conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

## III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                  s/ Charles E. Binder
                                                                   CHARLES E. BINDER
Dated: September 14, 2011                      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: September 14, 2011                        By     s/Patricia T. Morris
                                                                       Law Clerk to Magistrate Judge Binder